NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 20, 2012
Decided January 20, 2012

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-1569

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 10 CR 207 |
| HAROLD C. BECK, | |
| *Defendant-Appellant.* | Matthew F. Kennelly, |
| | *Judge.* |

**O R D E R**

Harold Beck committed 13 bank robberies in the Chicagoland area over 3 years and eventually pleaded guilty to 3 counts of bank robbery. *See* 18 U.S.C. § 2113(a). The district court calculated a guidelines imprisonment range of 63 to 78 months and sentenced Beck to 72 months. Beck appeals, but his appellate counsel has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Beck opposes counsel's motion, *see* CIR. R. 51(b), and has asked that we appoint him new counsel. We confine our review to the potential issues identified in counsel's facially adequate brief and in Beck's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel tells us that Beck does not seek to withdraw his pleas and thus refrains from discussing possible challenges to the voluntary nature of the pleas or the adequacy of the

plea colloquy. *See United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Beck, in his Rule 51(b) response, disputes counsel's understanding, though he does not identify any specific problems with his pleas. Since Beck did not move to withdraw his pleas in the district court, we would review the plea colloquy only for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 770 (7th Cir. 2010). Here, the district court conducted a thorough colloquy under Federal Rule of Criminal Procedure 11(b), except for one minor omission that could not have affected Beck's substantial rights. The court did not tell Beck that his right to counsel would extend to both trial and "every other stage of the proceeding." *See* FED. R. CRIM. P. 11(b)(1)(D). But Beck must have known about this right because he was represented by appointed counsel throughout the proceedings. *See United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988). This minor shortcoming in the plea colloquy would not create a nonfrivolous ground for appeal.

Counsel and Beck also address whether Beck could challenge the reasonableness of his sentence. We agree with counsel that this argument would be frivolous. Beck's within-range sentence is presumed reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Barnes*, 660 F.3d 1000, 1010 (7th Cir. 2011), and we are presented with no reason to set aside that presumption here. The district court meaningfully considered the factors in 18 U.S.C. § 3553(a), noting Beck's somewhat usual history and characteristics (describing his string of bank robberies in his mid-fifties as "hard to understand") but emphasizing that his crimes were "extraordinarily serious" and that robberies like this can spiral into more dangerous situations in which people get harmed.

Beck also questions whether he could challenge his attorney's assistance as ineffective and asks that we appoint him new counsel. But claims of ineffective assistance are best raised on collateral review, where a complete record can be developed. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Isom*, 635 F.3d 904, 909 (7th Cir. 2011). And because we agree with counsel that an appeal would be frivolous, we deny Beck's request for new counsel.

Counsel's motion to withdraw is GRANTED, Beck's request for substitute counsel is DENIED, and the appeal is DISMISSED.